# Exhibit "A"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHPOINT LIFEHOPE SPE LLC,<br><br>Debtor. | CHAPTER 11 CASE<br><br>CASE NO. 22-50929-MMP |

**ORDER GRANTING STAY RELIEF
IN FAVOR OF CAPITAL ONE**

CAME ON FOR CONSIDERATION before the Court at a hearing held on November ___, 2022 (the "Hearing") to consider the *Motion for Order Granting Stay Relief* [Docket No. ___] (the "Motion") filed by Capital One, National Association ("Capital One"), as agent and lender.[1] Through the Motion, and pursuant to Bankruptcy Code §§ 362(d)(1), Capital One requests that the

---

[1] Unless stated otherwise herein, terms defined in the Motion will have the same meanings when used in this Order.

Court enter an order granting relief from the automatic stay so that Capital One may enforce its rights and remedies with respect to its Collateral.

[After due and proper notice of the Motion and the Hearing, no timely objections were filed.]

Having reviewed and considered the Motion, the evidence, the representations of counsel, and the argument presented to the Court at the Hearing, and the entire record before it, and good and sufficient cause appearing therefor,

IT IS HEREBY FURTHER FOUND AND CONCLUDED that:

A. On August 22, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court commencing the above-captioned Chapter 11 case (the "Bankruptcy Case"). The Debtor is continuing in possession of its property, and operating and managing its business, as debtor-in-possession, pursuant to Bankruptcy Code §§ 1107 and 1108.

B. This Court has jurisdiction over the Bankruptcy Case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion presents a core proceeding as defined in 28 U.S.C. § 157(b)(2).

C. Proper and sufficient notice of the Motion, the Hearing and the relief granted in this Order has been given by Capital One in accordance with Bankruptcy Code § 362(d), Bankruptcy Rules 2002, 9013, 9034, and 4001, and Local Rule 9013.

D. The Debtor owns and operates two office buildings located at 8401 Datapoint Drive and 8415 Datapoint Drive, San Antonio, Texas (collectively, the "Project"). The Debtor does not own the real property underlying the Project (the "Real Property"). Rather, the Debtor leases the Real Property pursuant to a Ground Lease dated as of April 13, 2018 (the "Ground Lease") between Woodbranch Highpoint, LLC (as the successor-in-interest to B.H. Highpoint Towers, LLC) ("Woodbranch" or the "Ground Lessor"), as lessor, and the Debtor, as lessee.

E. The Debtor, as borrower, and Capital One, as administrative agent, collateral agent, and a lender, are parties to a Loan Agreement dated as of April 18, 2019 (as amended from time to time, the "Loan Agreement"). The Loan Agreement provided for Capital One to make a non-

2

revolving Loan to the Debtor in advances in an aggregate principal amount totaling no more than $65,000,000 (the "Loan"). The Loan Agreement, as amended prior to the Petition Date, together with all collateral and ancillary documents executed in connection therewith are referred to herein as the "Loan Documents", and the principal, interest, fees, expenses and other amounts owing by the Debtor under the Loan Documents are referred to herein as the "Indebtedness").

F. Capital One asserts that, as of the Petition Date, the Indebtedness owing by the Debtor to Capital One under the Loan Agreement and the other Loan Documents not less than $51,135,446.78 of unpaid principal, plus accrued and accruing interest (including default interest), costs, fees (including attorney's fees) and other amounts chargeable to the Debtor under the Loan Documents.

G. Capital One asserts that, as security for repayment of the Indebtedness, Capital One holds valid, perfected, and enforceable liens and security interests in substantially all assets of the Debtor as described in the Loan Documents (collectively, the "Collateral"). The Collateral includes, without limitation, all of the Debtor's right, title, and interest in and to the Real Property (including all of the Debtor's rights under the Ground Lease), all buildings, other improvements and fixtures at the Project, and the Debtor's other assets including equipment, furniture, accounts, general intangibles, personal property, leases and subleases, rents, other revenues of any kind, books and records, deposit accounts, insurance policies and all other assets used in connection with the operation of, or otherwise related to, the Project.

H. Under the circumstances of this case, cause exists for the Court to grant stay relief if favor of Capital One pursuant to Bankruptcy Code § 362(d)(1).

Accordingly, based upon the foregoing findings and conclusions, and upon the record made before the Court at the Hearing, and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED that:

1. The Motion shall be, and hereby is granted in its entirety. Any and all objections to the Motion are hereby overruled.

QB\191108.00433\76367353.3

2. Pursuant to Bankruptcy Code § 362(d)(1), Capital One shall be, and hereby is, granted presently effective relief from all stays and injunctions, including, but not limited to, the automatic stay of Bankruptcy Code §362(a), so that Capital One is entitled to enforce all of its rights and remedies against the Collateral without further order of this Court.

3. From and after the date of this Order, the Debtor shall not use any Cash Collateral for any purpose without the prior written consent of Capital One or further order of this Court. (Capital One fully reserves all of its rights to object to any request for use of Cash Collateral, and all of Capital One's liens and other rights with respect to the Cash Collateral are fully reserved.)

4. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004, 7062, and/or 9014, this Order is a final order and shall be immediately enforceable and effective upon its entry by the Court.

###END OF ORDER###