# **Exhibit "F"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In re:<br><br>HIGHPOINT LIFEHOPE SPE LLC,<br><br>Debtor. | CHAPTER 11 CASE<br><br>CASE NO. 22-50929-MMP |

DECLARATION OF MICHAEL G. GARDULLO IN SUPPORT OF
MOTION FOR ORDER GRANTING STAY RELIEF

*[This Declaration is submitted by Capital One in accordance with Local Rule 4001(a)(1)(D).]*

I, MICHAEL G. GARDULLO, declare as follows:

1. I am a Senior Vice President for Capital One, National Association ("Capital One"), and make this Declaration for and on behalf of Capital One, being authorized to do so, with direct personal knowledge of the facts set forth herein. I am over the age of twenty one years old.

2. I make this Declaration in support of the *Motion For Order Granting Stay Relief* (the "Motion") that Capital One filed in the above-captioned Bankruptcy Case. I have read the Motion, and the factual statements made therein are true and accurate to the best of my knowledge, information and belief. Unless stated otherwise, terms defined in the Motion will have the same meanings when used in this Declaration.

3. As part of my duties with Capital One, I am one of the people charged with the responsibility for oversight of administration and collection of the debt (the "Indebtedness") that is owed to Capital One by the Debtor (which is more fully described in the Motion). In that capacity, I am familiar with Capital One's books and records, which are maintained in its regular course of business, related to the Indebtedness and I am competent to testify to the facts and matters set forth herein. My testimony in this Declaration is based upon either (or both): (i) my own

personal knowledge; and/or (ii) my review of the Capital One business records relating to the Debtor and the Indebtedness in my capacity as Capital One's business representative regarding the Indebtedness and related matters.

4. Capital One maintains in the ordinary course of its business copies of all loan and security documents for the loans owned by Capital One (including its loan to the Debtor); copies of all correspondence regarding the loans; and detailed and comprehensive computerized and/or paper records of all financial transactions. In the administration of loans owned by Capital One, it is the practice and procedure of Capital One to maintain records and to record transactions, acts, conditions, or events relating to such loans and its customers. These business records are created and maintained as part of the regular business practice and in the ordinary course of business of Capital One. All such business records are made by persons with knowledge of the relevant facts, or made from information transmitted by persons with knowledge of the relevant facts, at or near the time of the relevant acts, events, or conditions to which the business records relate. Capital One relies on those records in connection with its business dealings with its customers. I am familiar with the Capital One's procedures for maintaining business records in the regular course of business and the mode of preparation of such records.

5. On or about April 18, 2019, the Debtor, as borrower, and Capital One, as administrative agent, collateral agent, and a lender, entered into a Loan Agreement dated as of April 18, 2019 (as amended, the "Loan Agreement"). Capital One is the sole lender under the Loan Agreement.

6. The Loan Agreement provided for Capital One to make a non-revolving Loan to the Debtor in advances in an aggregate principal amount totaling no more than $65,000,000 (the "Loan"). As of the Petition Date, the amount owing from the Debtor to Capital One under the Loan Agreement and the other Loan Documents (as defined below) (the "Indebtedness") is not less than $51,135,446.78 of unpaid principal, plus accrued and accruing interest (including default interest), costs, fees (including attorney's fees) and other amounts chargeable to the Debtor under the Loan Documents.

QB\76384669.1

7. As described in the Motion, there were many defaults by the Debtor under the Loan Agreement and other Loan Documents prior to the Petition Date. Among other things, the Debtor failed to pay any debt service payments, let alone the full amount of the monthly debt service payments due under the Loan Agreement, at least from and after February, 2022. Each monthly debt service payment totaled significantly in excess of $150,000.

8. On August 9, 2022, as a result of the numerous events of default described in the Motion, Capital One accelerated the Loan balance and all Indebtedness due under the Loan Documents became immediately due and payable in full in accordance with the terms of the Loan Documents.

9. The Debtor has not made any debt service payments to Capital One since the Petition Date.

[REMAINDER OF PAGE BLANK]

10. I declare under penalty of perjury that the facts stated in this Declaration are true and correct to the best of my knowledge, information, and belief. If called to testify in this matter, I will testify to the facts stated herein.

Dated this 21st day of October, 2022.

_____
MICHAEL G. GARDULLO