**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGHPOINT LIFEHOPE SPE, LLC, | § | CASE NO. 22-50929-MMP |
| | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |

**RESPONSE OF WOODBRANCH HIGHPOINT LLC TO STATUS REPORT OF CAPITAL ONE REGARDING OCTOBER 4, 2023 HEARINGS (RE: DOCKET NO. 349)**

**TO THE HONORABLE MICHAEL M. PARKER, U.S. BANKRUPTCY JUDGE:**

Woodbranch Highpoint LLC ("Woodbranch") files this response to the *Capital One's Status Report and Statement of Position For Purposes of October 4, 2023 Hearing* (Docket No. 349) (the "Status Report") and would show to the Court the following.

1. Woodbranch objected to the sale processes and the elongation of this bankruptcy case by Capital One because, as set forth in prior pleadings by Woodbranch, the Ground Lease has zero or negative value.[1] Events proved Woodbranch correct.

2. The entire point of the Motion to Dismiss (Docket No. 241) and/or related motion practice then and now is to reduce the time that Capital One ties up the property to the detriment of Woodbranch and its reversionary interest.

3. Capital One ran three sale processes, including the last one which included zero participation by Woodbranch, and obtained only one offer of $1.5 million cash plus a cure of the ~$2 million in property taxes. Capital One refused that offer and refused to credit bid. The lease determination period ran far beyond what is permitted or contemplated by Code §365(d)(4) by

---

[1] *See* **Exhibit W025**, Docket No. 274, at p. 9, available at link.
https://app.box.com/s/1ll33947z9t480t5xvy3jjlgrzmy1je8

Capital One propping up a motion to assume. After more than 14 months in bankruptcy, Capital One now throws the keys back to Woodbranch.

4. Capital One's reference to the Qualified Mortgagee provisions in Ground Lease §§ 14.4-14.5[2] is disingenuous at best. After refusing to credit bid, Capital One won't enter into a new ground lease, which would require paying the ~$2 million in property taxes and returning (curing) the Ground Rent that it seeks to actually put in its own pocket. All that Capital One is doing is shifting the burden of the operations to Woodbranch without paying Ground Rent while leveraging the bankruptcy case to seek to control and pocket the tenant rents until termination.

5. Woodbranch indeed seeks rejection of the Ground Lease to protect the value of the property and the reversionary interest. Even if rejection does not terminate the Ground Lease as a matter of law, whether termination occurs immediately or in a few days after rejection is controlled by the Ground Lease.

6. Capital One acknowledges in the Status Report that its stay relief is in full force and effect. Woodbranch shall have stay relief upon rejection of the Ground Lease. The rights to tenant rents after default and/or termination of the Ground Lease are spelled out in the Ground Lease (including §12.6 therein) and/or the Leasehold Deed of Trust. This case need not continue as a vehicle for Capital One to tie up and assert any potential rights to the rents from the Tenant Leases or to serve as a forum for a two-party dispute over non-estate property. Jurisdiction over the rents may no longer even exist.

7. This case should be dismissed now. Obviously, the Debtor is not moving forward with any sort of plan. The posturing in the Status Report further proves that this case is only a two-party dispute between Capital One and Woodbranch.

---

[2] A copy of the Ground Lease appears at Docket No. 22-1.

**RESPONSE OF WOODBRANCH HIGHPOINT LLC TO STATUS REPORT OF CAPITAL ONE REGARDING OCTOBER 4, 2023 HEARINGS (RE: DOCKET NO. 349) — Page 2**
4869-8971-0212, v. 1

8. The proposal described in Paragraph No. 20 of the Status Report contemplates a dismissal of this case, thus making the supposed retention of Chapter 5 claims meaningless. The Debtor and Capital Once informed Woodbranch that a structured dismissal is contemplated in 60 days, which certainly isn't sufficient time to prosecute an avoidance action. *Notably, no creditor objected to Woodbranch's motion to dismiss to preserve on Chapter 5 claims.* The $100,000 payment form Capital One and donation of turf and scaffolding can occur outside of bankruptcy.

9. All that the continuation of this case provides is a mechanism for the rent from the Tenant Leases to flow into the Debtor for a potential lien priority dispute between Capital One and Woodbranch, and which dispute in no way actually involves or benefits this estate. The Ground Lease and/or the Leasehold Deed of Trust already address what is to occur in the default and/or termination scenario. Two parties, both with stay relief and extensive contractual instruments between them, should not be further bound to a bankruptcy case that no longer serves any purpose. Dismissal should occur now.

10. Consequently, following rejection of the Ground Lease, this case should be dismissed with prejudice for at least twelve months.

Based upon the foregoing and the entire record before the Court, Woodbranch respectfully requests that the Court dismiss this case with prejudice to the re-filing of the case for at least twelve months.

Dated: October 4, 2023

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Jeff Carruth*
 JEFF CARRUTH (TX SBN:. 24001846)
 24 Greenway Plaza, Suite 2050
 Houston, TX 77046
 Telephone: (713) 341-1158
 Facsimile: (713) 221-3732
 E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
WOODBRANCH HIGHPOINT, LLC

# **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served on February 22, 2023 by electronic notice to all ECF users who have appeared in this case to date, only, as set forth in the list below.

                                                                   */s/ Jeff Carruth*
                                                                     JEFF CARRUTH

| | |
|---|---|
| Highpoint Lifehope SPE, LLC<br>Langley & Banack, Inc<br>Trinity Plaza II, Suite 700<br>745 East Mulberry<br>San Antonio, TX 78212-3166<br>*Debtor*<br>nwilson@langleybanack.com<br>cjohnston@langleybanack.com | 615 E. Houston Street, Suite 533<br>San Antonio, TX 78205<br>erin.coughln@usdoj.gov<br>Roxana.peterson@usdoj.gov<br>Carey.a.tompkins@usdoj.gov<br>ann.killian@usdoj.gov<br>USTPRegion07.SN.ECF@usdoj.gov |
| FNA VI, LLC<br>Chamberlin Hrdlicka<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002<br>tara.leday@chamberlainlaw.com<br>lisa.adair@chamberlainlaw.com<br>vcovington@mvbalaw.com<br>bankruptcy@mvbalaw.com<br>pbowers@mvbalaw.com | Bexar County<br>Linebarger Goggan Blair & Sampson, LLP<br>112 E. Pecan Street, Suite 2200<br>San Antonio, TX 78205<br>don.stecker@lgbs.com |
| Lydia Security Monitoring, Inc.<br>Rosenblatt Law Firm<br>16731 Huebner Road<br>San Antonio, TX 78248<br>elena@rosenblattlawfirm.com | Office Ally, Inc.<br>Nelson Mullins Riley & Scarborough LLP<br>201 17th Street, NW, Suite 1700<br>Atlanta, GA 30363<br>greg.taube@nelsonmullins.com |
| Frank Sandoval<br>Armstrong Lee & Baker LLP<br>2800 North Loop West, Suite 900<br>Houston, TX 77092<br>cjohnston@langleybanack.com | Scott Honan<br>Fritz Byrne, PLLC<br>221 West Sixth Street, Suite 960<br>Austin, TX 78701<br>lfancher@fritzbyrne.law |
| Higginbotham Insurance Agency dba<br>Lipscomb & Pitts Insurance<br>Cantey Hanger LLP<br>600 West 6th Street, Suite 300<br>Fort Worth, TX 76102<br>jwatson@canteyhanger.com<br>nstarr@canteyhanger.com | San Antonio Preventative & Diagnostic<br>Medicine, P.A.<br>Caroline Newman Small<br>Davis & Santos, P.C.<br>719 S. Flores Street<br>San Antonio, TX 78204<br>210-853-5882<br>210-200-8395 (fax)<br>csmall@dslawpc.com |
| Capital One, National Association<br>c/o Jay H. Ong<br>Munsch Hardt Kopf & Harr, PC<br>1717 West 6th Street<br>Austin, TX 78703-4777<br>jong@munsch.com , amays@munsch.com;<br>jay-ong-4326@ecf.pacerpro.com | Capital One, National Association<br>c/o Robert Harris, Esq.<br>Quarles & Brady LLP<br>2 N. Central Avenue<br>Phoenix, AZ 85004-2322<br>robert.harris@quarles.com, sybil.aytch@quarles.com |

**RESPONSE OF WOODBRANCH HIGHPOINT LLC TO STATUS REPORT OF CAPITAL ONE REGARDING OCTOBER 4, 2023 HEARINGS (RE: DOCKET NO. 349) — Page 5**
4869-8971-0212, v. 1